STATE OF NORTH CAROLINA v. RICKY EARLE LACKEY

No. COA09-1069

(Filed 18 May 2010)

**1. Jury— instructions—Allen charge—no error**

The trial court in a possession of cocaine case did not commit plain error by giving the jury an *Allen* instruction after the jury had deliberated for an hour and a half and before the jury retired to continue deliberations. The instruction was in accordance with N.C.G.S. § 15A-1235 (a) and (b) and was not an abuse of discretion.

**2. Sentencing— not cruel and unusual punishment—habitual felon**

Defendant's argument that his prison sentence of 84 to 110 months was grossly disproportionate to his crime of possession of 0.1 grams of cocaine and constituted cruel and unusual punishment was overruled. Defendant did not argue that he suffered from an abuse of discretion, procedural misconduct, circumstances which manifested an inherent unfairness or injustice, or conduct offending a public sense of fair play and defendant was sentenced as an habitual felon in accordance with N.C.G.S. § 14-7.6.

**3. Jury— individual polling—no error**

The trial court did not err by failing to separately inquire whether the jurors in a possession of controlled substance case assented to the verdicts in the jury room and in the courtroom. The clerk asked each individual juror in open court whether the verdict announced was his or her verdict, which met the requirements of N.C.G.S. § 15A-1238.

Appeal by defendant from judgment entered 20 February 2009 by Judge Thomas H. Lock in Johnston County Superior Court. Heard in the Court of Appeals 10 February 2010.

*Attorney General Roy Cooper, by Assistant Attorney General Letitia C. Echols, for the State.*

*Sofie W. Hosford for defendant-appellant.*

BRYANT, Judge.

Defendant Ricky Lackey appeals from a judgment entered after a jury found him guilty of felony possession of cocaine and defendant pled guilty to attaining habitual felon status. For the reasons stated herein, we find no error.

On 29 August 2009, Johnston County Deputy Sheriff John Canady pulled over defendant after noticing that defendant's license plate was registered to a 1999 Saturn; defendant was driving an S-10 Chevrolet Blazer. With defendant's consent, the deputy searched the vehicle for weapons or illegal narcotics and discovered a small amount of what appeared to be "crack" cocaine. Defendant was placed under arrest and indicted on possession of cocaine, maintaining a vehicle to keep or sell controlled substances, and having obtained habitual felon status. The State later dismissed the charge of maintaining a vehicle to keep or sell controlled substances.

At trial, after the close of the State's case-in-chief, defendant made a motion to dismiss the charges. The motion was denied. Defendant did not present any evidence. The trial court instructed the jury on the charge of possession of cocaine, and the jury retired for deliberation. Approximately an hour later, the judge received a note that the jury was "not able to render a verdict as [they were] voting 11-1." The trial court, with the consent of both the prosecutor and defendant, recalled the jury to the courtroom and instructed them in accordance with N.C.P.I. Criminal Charge 101.40, entitled failure of the jury to reach a verdict. The jury further deliberated for an additional thirty minutes before the trial court called the jury to the courtroom and recessed for the evening with an instruction to reconvene the next morning.

The next morning, before the jury retired to continue its deliberations, the trial court gave an instruction in accordance with N.C. Gen. Stat. § 15A-1235 (a) and (b). After further deliberation, the jury returned a verdict of guilty on the charge of possession of cocaine. Defendant entered a plea of guilty on the charge of attaining the status of a habitual felon. The trial court sentenced defendant to a term of 84 to 110 months in the custody of the North Carolina Department of Correction. Defendant appeals.

On appeal, defendant raises the following arguments: (I) did the trial court err in providing the jury with an *Allen* instruction; (II) did defendant's prison sentence constitute cruel and unusual punish-

ment; and (III) did the trial court permit the courtroom clerk to improperly poll the jurors.

*I*

**[1]** Defendant first argues that the trial court abused its discretion or committed plain error in providing the jury with a second *Allen* charge[1], after the jury announced it was deadlocked. We disagree.

Under North Carolina General Statutes, section 15A-1235, our General Assembly has codified the standard applicable for charges which are to be given a jury that is apparently unable to agree upon a verdict—an *Allen* instruction.

(a) Before the jury retires for deliberation, the judge must give an instruction which informs the jury that in order to return a verdict, all 12 jurors must agree to a verdict of guilty or not guilty.

(b) Before the jury retires for deliberation, the judge may give an instruction which informs the jury that:

(1) Jurors have a duty to consult with one another and to deliberate with a view to reaching an agreement, if it can be done without violence to individual judgment;

(2) Each juror must decide the case for himself, but only after an impartial consideration of the evidence with his fellow jurors;

(3) In the course of deliberations, a juror should not hesitate to reexamine his own views and change his opinion if convinced it is erroneous; and

(4) No juror should surrender his honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors, or for the mere purpose of returning a verdict.

(c) If it appears to the judge that the jury has been unable to agree, the judge may require the jury to continue its deliberations and may give or repeat the instructions provided in subsections (a) and (b). The judge may not require or threaten to require the jury to deliberate for an unreasonable length of time or for unreasonable intervals.

(d) If it appears that there is no reasonable possibility of agreement, the judge may declare a mistrial and discharge the jury.

---

1. *See Allen v. United States*, 164 U.S. 492, 41 L. Ed. 528 (1896).

N.C. Gen. Stat. § 15A-1235 (2009). Our Supreme Court has held that such an instruction is permissive rather than mandatory and, thus, within the trial court's discretion. *See State v. Williams*, 315 N.C. 310, 326, 338 S.E.2d 75, 85 (1986) (citing N.C.G.S. § 15A-1235(c)). However, when a trial court gives an instruction authorized under N.C.G.S. § 15A-1235(b), the trial court must instruct the jury in accordance with all of the instructions under § 15A-1235(b). On appeal, in determining whether a court's instructions forced a verdict or merely served as a catalyst for further deliberations, "an appellate court must consider the circumstances under which the instructions were made and the probable impact of the instructions on the jury." *State v. Peek*, 313 N.C. 266, 271, 328 S.E.2d 249, 253 (1985) (citation omitted). However, where the defendant failed to object to the instruction outside of the presence of the jury, our review is limited to a determination of plain error. *See* N.C. R. App. P. 10(c); *Williams*, 315 N.C. at 328, 338 S.E.2d at 86.

> [T]he plain error rule . . . is always to be applied cautiously and only in the exceptional case where, after reviewing the entire record, it can be said the claimed error is a *fundamental* error, something so basic, so prejudicial, so lacking in its elements that justice cannot have been done, or where [the error] is grave error which amounts to a denial of a fundamental right of the accused, or the error has resulted in a miscarriage of justice or in the denial to appellant of a fair trial or where the error is such as to seriously affect the fairness, integrity or public reputation of judicial proceedings or where it can be fairly said the instructional mistake had a probable impact on the jury's finding that the defendant was guilty.

*State v. Cummings*, 361 N.C. 438, 470, 648 S.E.2d 788, 807 (2007) (citation omitted) (original emphasis).

Here, after an hour of deliberation, the jury foreman sent the trial court a note stating that the jury was "not able to render a verdict as [they were] voting 11-1." The trial court recalled the jury to the courtroom and, with the consent of the prosecutor and defendant, instructed them in accordance with N.C.P.I. Criminal Charge 101.40, failure of the jury to reach a verdict.

> Members of the jury, you are reminded that it is your duty to do whatever you can to reach a verdict. You should reason the matter over together as reasonable men and women in an effort to reconcile your differences, if you can, without the surrender of

you conscientious convictions. No juror should surrender an honest conviction as to the weight or effect of the evidence solely because of the opinion of his fellow jurors are [sic] for the mere purpose of returning a verdict.

At this time I'm going to allow you to resume your deliberations and to continue your efforts to reach a verdict. Thank you.

The jury then returned to deliberate for thirty minutes before the trial judge recessed court for the evening. The next morning, before the jury retired to continue deliberations, the trial court gave the following instruction:

Members of the jury, before you retire for your deliberations this morning, I do want to remind you that, in order to return a verdict, all twelve juror [sic] must agree to the verdict of "guilty" or "not guilty." Jurors do have a duty to consult with one another and to deliberate with a view to reaching an agreement if it can be done without violence to individual judgment. Each juror must decide the case for himself or herself but only after an impartial consideration of the evidence with his or her fellow jurors.

In the course of deliberations, a juror should not hesitate to reexamine his or her own views and to change his or her own opinion if convinced it is erroneous. However, no juror should surrender his or her honest conviction as to the weight or effect of the evidence solely because of the opinion of his or her fellow jurors or for the mere purpose of reaching a verdict.

We hold the trial court's instruction, given before deliberations resumed, was in accordance with the standard for instructions to be given when a jury is unable to agree as set out in N.C.G.S. § 15A-1235 (a) and (b) and was not an abuse of discretion, much less plain error. Accordingly, we overrule defendant's argument.

## II

[2] Next, defendant argues that the trial court's sentence of 84 to 110 months was grossly disproportionate to his crime of possession of 0.1 grams of cocaine and constituted cruel and unusual punishment in violation of the Eigth and Fourteenth Amendments of the Constitution of the United States. We disagree.

Under North Carolina General Statutes, section 14-7.1, "[a]ny person who has been convicted of or pled guilty to three felony offenses in any federal court or state court in the United States or combination thereof is declared to be an habitual felon." N.C. Gen. Stat. § 14-7.1.

"When an habitual felon as defined in this Article commits any felony under the laws of the State of North Carolina, the felon must, upon conviction or plea of guilty under indictment as provided in this Article . . . be sentenced as a Class C felon." N.C. Gen. Stat. § 14-7.6. "[L]egislation which is designed to identify habitual criminals and which authorizes enhanced punishment has withstood eighth amendment challenges." *State v. Todd*, 313 N.C. 110, 119, 326 S.E.2d 249, 254 (1985) (citations omitted). "[And,] only in exceedingly unusual non-capital cases will the sentences imposed be so grossly disproportionate as to violate the Eighth Amendment's proscription of cruel and unusual punishment." *Id.* (citations omitted). However,

> [a]bsent specific authority, it is not the role of an appellate court to substitute its judgment for that of the sentencing court as to the appropriateness of a particular sentence; rather, in applying the Eighth Amendment the appellate court decides only whether the sentence under review is within constitutional limits. In view of the substantial deference that must be accorded legislatures and sentencing courts, a reviewing court rarely will be required to engage in extended analysis to determine that a sentence is not constitutionally disproportionate.

*State v. Ysaguire*, 309 N.C. 780, 786, 309 S.E.2d 436, 440-41 (1983) (citation omitted). As previously stated by our Supreme Court, "the proper review involves a determination [under Structured Sentencing] of whether there has been a showing of abuse of discretion, procedural conduct prejudicial to defendant, circumstances which manifest inherent unfairness or injustice, or conduct which offends the public sense of fair play." *Todd*, 313 N.C. at 119, 326 S.E.2d 249, 254. *See also, Rummel v. Estelle*, 445 U.S. 263, 63 L. Ed. 2d 382 (1980) (holding that the defendant's life sentence imposed under a recidivist statute, after the defendant was convicted of obtaining $120.75 by false pretenses, did not constitute cruel and unusual punishment in violation of the Eight and Fourteenth Amendments).

Here, defendant does not argue that he suffered from an abuse of discretion, procedural misconduct, circumstances which manifested an inherent unfairness or injustice, or conduct offending a public sense of fair play. Indeed, the trial court found that the mitigating factors outweighed the aggravating factors and sentenced defendant, who had a prior record level IV[2], to a term within the mitigated range

---

2. Defendant's criminal convictions spanned twenty-two years and included convictions for armed robbery, possession with intent to sell and deliver cocaine, and forgery.

for a Class C felony. Therefore, we hold that defendant's sentence to a term of 84 to 110 months in prison for possession of cocaine, as an habitual felon, did not offend the proscription against cruel and unusual punishment as stated in the Eighth and Fourteenth Amendments. Accordingly, defendant's argument is overruled.

*III*

[3] Last, defendant argues that the trial court erred in allowing the courtroom clerk to improperly poll the jurors. Defendant contends that by failing to separately inquire whether the jurors assented to the verdicts in the jury room and in the courtroom, defendant's right to a proper jury poll was denied. We disagree.

The Constitution of North Carolina establishes that "[n]o person shall be convicted of any crime but by the unanimous verdict of a jury in open court." N.C. Const. art. I, sec. 24. Under North Carolina General Statutes, section 15A-1238, "[u]pon the motion of any party made after a verdict has been returned and before the jury has dispersed, the jury must be polled. . . . The poll may be conducted by the judge or by the clerk by asking each juror individually whether the verdict announced is his verdict." N.C. Gen. Stat. § 15A-1238.

Here, the trial court received a note that the jury had reached a unanimous verdict. Recalled to the courtroom, the jury foreman stated that the jury had reached a unanimous verdict. The verdict sheet was handed to the trial court and read out loud for the record. "We, the jury, returned as our unanimous verdict that the Defendant Ricky Earle Lackey is guilty of possession of cocaine." The trial court instructed the jurors to verify that this was their verdict by raising their right hands. All of the jurors raised their right hands. Defendant made a motion to poll the jury, after which the courtroom clerk conducted the following voir dire:

THE CLERK: [Juror 4], would you stand?

[Juror 4]:    [Stood]

THE CLERK: As foreperson on the jury, you have returned for the unanimous verdict of the jury, "We, the jury, return as you unanimous verdict that the Defendant Ricky Earle Lackey is guilty of possession of cocaine." Is this your verdict, and do you still assent thereto?

[Juror 4]:    Yes.

The clerk proceeded to question each of the remaining jurors individually, and in each instance, the juror responded in the affirmative. We hold that this process, whereby the clerk asked each individual juror in open court whether the verdict announced was his or her verdict, meets the requirements of N.C. Gen. Stat. § 15A-1238. Accordingly, we overrule defendant's argument.

No error.

Judges ELMORE and STROUD concur.